(No. 20661.—

THE CITY OF CHICAGO, Appellee, *vs.* HARRY MOIR, Appellant.

*Opinion filed April 23, 1931.*

CAMPBELL, CLITHERO & FISCHER, (JOHN G. CAMPBELL, CARLTON L. FISCHER, and RAYMOND P. FISCHER, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, and MARTIN H. FOSS, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the municipal court of Chicago assessing a fine against appellant in the sum of $100 for failure to take out a license for the operation of a place of amusement, in accordance with section 203 of the municipal code of Chicago. Appellant is charged with operating the Terrace Garden in the Morrison Hotel, in Chicago, without procuring a license. The trial court certified that the validity of an ordinance was involved and that in its opinion the public interest required that the appeal be taken directly to this court.

Appellant assigns as error, first, that the city failed to make out any case whatever against him; and second, that

the ordinance is void as being outside the powers conferred on the city council by the legislature, indefinite and uncertain and in violation of the constitutional requirement of uniformity in taxation.

On the trial the city produced as a witness one Hugh McCarthy, who testified that he was investigator in the license department of the city of Chicago; that on the 11th of April, 1930, he went to the Terrace Garden in the Morrison Hotel; that he found food and drink being served at tables on the terrace, the guests were dancing on a dance floor at the foot of the terrace, an orchestra was furnishing music and a woman was entertaining by singing. He stated he procured from the head waiter a card, on one side of which was a colored illustration of the restaurant and the words, "Terrace Garden. Chicago's Wonder Restaurant. Morrison Hotel, Chicago (public dancing)." On the reverse side of the card was the following: "Morrison Hotel. Hotel of perfect service. Madison at Clark, Chicago. Home of the Terrace Garden. Chicago's Wonder Restaurant. 1944 outside rooms with bath and servitor. $2.50 and up. When completed to contain 3400 rooms. Personal management of Harry C. Moir." The witness testified that he asked the head waiter whether they had a license and was told he would have to go to the comptroller's office; that he went to that office and talked to a Mr. Groves, who told him that they did not have any license and that the matter had been taken up with their attorney. This witness testified, over objection, that he was told by Groves that H. C. Moir owned the Terrace Garden; that he could not tell whether Harry C. Moir and Harry Moir were one and the same person; that he was informed that H. C. Moir owned the place, but that he did not know whether H. C. Moir and Harry Moir were one and the same person and did not know whether Groves represented H. C. Moir personally; that he did not know what connection Groves had outside of being auditor and comptroller for the Morrison

Hotel and that he did not see H. C. Moir. He also testified to the approximate measurements of the floor space.

John W. Groves was called as a witness on behalf of the defendant. He testified that the Terrace Garden is owned and operated by the Moir Hotel Company, an Illinois corporation organized about 1911; that the witness' business is secretary of that company; that the Terrace Garden has been operating in the Morrison Hotel continuously since 1916. He also testified that they had paid numerous inspection fees and tax bills submitted by the city but that the company had not taken out an amusement license.

This is all of the testimony. At the close of plaintiff's case counsel for appellant moved to dismiss the case as to him. This motion was denied and judgment was rendered. There is no competent evidence in the record tending to show that the appellant, Harry Moir, owned and operated Terrace Garden. The only testimony even tending to show such fact is that of the witness McCarthy, who stated that he received information from Groves that H. C. Moir owned the Terrace Garden. This evidence was not competent. The fact that Groves was the agent of H. C. Moir, if it was a fact, cannot be established by statements of the alleged agent. (*Proctor* v. *Tows*, 115 Ill. 138.) It will be further perceived that witness McCarthy did not know anything about who owned the Terrace Garden; that he talked first with the head waiter and then with Groves, the secretary of the Moir Hotel Company. Groves testified positively that the Moir Hotel Company, a corporation, owns and operates the Terrace Garden. There was no competent evidence in the record upon which to base the judgment, but the record, on the contrary, shows that appellant is not liable for this license tax. This being so it does not become necessary to consider the validity of the ordinance.

The judgment of the municipal court of Chicago is reversed.                                    *Judgment reversed.*